### UNITED STATES v. NEW YORK MERCHANDISE CO.

#### (Circuit Court, S. D. New York. February 15, 1909.)

#### No. 5,354.

CUSTOMS DUTIES (§ 25*)—CLASSIFICATION—CUT PASTE—"GLASS."

    Congress in its tariff legislation having distinguished between glass and the form of glass known as paste, articles in chief value of paste, cut, are not within the provision in Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 100, 30 Stat. 157 (U. S. Comp. St. 1901, p. 1633), for goods in chief value of cut "glass," but are dutiable as manufactures of "paste," under paragraph 112, 30 Stat. 158 (U. S. Comp. St. 1901, p. 1635).

    [Ed. Note.—For other cases, see Customs Duties, Cent. Dig. § 46; Dec. Dig. § 25.*

    For other definitions, see Words and Phrases, vol. 2, p. 1808.]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below reversed the assessment of duty by the collector of customs at the port of New York. The board's opinion, which is reported as G. A. 6,808 (T. D. 29,265), reads as follows, so far as pertinent:

SHARRETTS, General Appraiser. The goods covered by these protests consist of hatpins the heads of which in all cases are of more value than the shaft and other metal parts. The claim relied upon by the importers is that the pins in question are dutiable at 45 per cent. ad valorem under paragraph 112, 30 Stat. 158 (U. S. Comp. St. 1901, p. 1635), as manufactures composed in chief value of "paste," and not at 60 per cent. ad valorem, as assessed by the collector, under the provision of Tariff Act July 24, 1897, c. 11, § 1, Schedule B, par. 100, 30 Stat. 157 (U. S. Comp. St. 1901, p. 1633), for articles composed in chief value of "glass" cut. * * * It is conceded that the heads thereof are cut, and it only remains for the board to determine whether they are in fact paste, and, if so, are they included in the provision of paragraph 100 for articles of glass cut?

In G. A. 6,658 (T. D. 28,391), this board held that pins of the same description as those now in dispute were not commonly known as "jewelry," but nevertheless affirmed the collector's assessment of duty thereon at 60 per cent. ad valorem, on the ground that the heads in question were composed of glass cut; hence the articles were dutiable under paragraph 100, not paragraph 434, Schedule N, 30 Stat. 192 (U. S. Comp. St. 1901, p. 1676), of the present tariff act. The solicitor of customs in his brief concedes that the goods in dispute, as shown by the evidence, are neither jewelry nor imitation jewelry. No attempt was made by the importers, in G. A. 6,658, supra, to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

show that the pins were composed in chief value of the particular kind of glass known as "paste," for which reason the board did not consider this question, which is the crucial point upon which the present case hinges. The present tariff act, as well as former acts, denominatively provided for both glass and paste. Act Oct. 1, 1890, c. 1244, § 1, Schedule B, 26 Stat. 572, in paragraph 108 provided for all manufactures of glass at 60 per cent. ad valorem, and paragraph 459 levied a duty of 25 per cent. ad valorem on manufactures of paste. Act Aug. 27, 1894, c. 349, § 1, Schedules B, N, pars. 102, 351, 28 Stat. 514, 535, laid different rates of duty on paste and glass, while the act of 1897, in paragraph 112, named the two descriptions of glass, but imposed 45 per cent. duty on both kinds. We then have indisputable proof that Congress regarded glass and paste as separate substances; and the correctness of this conclusion is confirmed by reference to the accepted authorities on this subject.

Under the caption of "Paste" we find the following definitions: International Encyclopedia, vol. 8, p. 518: "Those imitation gems that are made by chemical process are generally a special variety of glass known as paste or strass." Century Dictionary: "Heavy glass, made by fusing silica (quartz, flint, or pure sand), potash, borax, and white oxide of lead, etc., to imitate gems; hence, a factitious gem of this material. To this glass addition may be made of antimony glass, or of oxides of manganese, cobalt, copper, or chromium; the lead often being largely in excess of the normal silicate. Also called strass." Standard Dictionary: "A vitreous composition used for making false gems; strass; hence, false jewelry."

As shown by the evidence, the commercial and common understanding differ in no essential respects. The witnesses for the government contented themselves with proving that the heads of the pins in question were composed of glass. None of them displayed any familiarity with paste; indeed, a majority of them disclaimed any knowledge of such a substance in trade parlance. None of these witnesses asserted that the merchandise in dispute was not paste; while, on the other hand, the importers' witnesses testified that the imitation jet and precious stone pinheads were composed of the particular kind of glass that is commonly and commercially regarded as paste, the material being comparatively soft, brilliant, and capable of receiving a high polish. We accordingly find that the disputed articles are composed in chief value of paste, and can reach no other conclusion than that the provision of paragraph 100 for articles composed in chief value of glass does not include such as are composed in chief value of paste. This conclusion is in harmony with decisions of the board and courts. See U. S. v. Field & Co., 85 Fed. 862, 29 C. C. A. 458; Blumenthal v. U. S., 144 Fed. 384, 75 C. C. A. 322; Worthington v. U. S. (C. C.) 90 Fed. 797; U. S. v. Popper, 66 Fed. 51, 13 C. C. A. 325; also G. A. 3,965 (T. D. 18,408), and G. A. 5,687 (T. D. 25,329).

Following these decisions, we sustain the claim in the protests that the merchandise * * * is dutiable at 45 per cent. ad valorem under paragraph 112. * * * G. A. 6,658 (T. D. 28,391), is hereby modified to conform with the principles enunciated herein.

J. Osgood Nichols, Asst. U. S. Atty.

Comstock & Washburn (Albert H. Washburn, of counsel), for importers.

HOLT, District Judge. Affirmed, on decision of board.